Peck, J.
delivered the opinion of the court.
The demurrer filed to the replication, raises the question,- whether the act of 1333, ch. 36, applies to administrations previously granted.
In the case of Officer vs. Young, determined at Sparta, December term, 1833, the court says, that the law at the time of the death, or grant of the administration fixed the interest of the widow, the heirs, and creditors of the •deceased. To settle the interest of all, needed no legislation. The way was plain, and it was for the court to see that the law was pursued.
It is true, the point made in that case was not like the one in this; but nevertheless, the rule must apply. The duty resting upon the administrator had been established, and acting upon oath, he was bound to administer the assets as he has done. There is no necessity to force him from it by giving the act of Assembly a retrospective operation, when the words of the act do not imply that such operation was intended by the framers of the act. Where there are existing rules of law upon one subject, and a law is passed making innovations, certainly, as a general rule, we will take such law as prospective. Until the passage of the act in question, we had administration laws sufficient for our purpose; having been long content with them, affords an argument for us to look forward, only, in the application of the new rules^of administration.
There is another aspect in which the question may be viewed, that we think conclusive of it. If the matter of the replication be good, then an. action would lie upon the administration bond for maladministration of the assets. Could such a suit be maintained? As a general rule, *451 the law in being at the time of making a contract must govern that contract. The law being the source of obligation, must go before the contract, not after it; and the extent of the obligation is defined by the law in being when it is made. Peck’s Rep. 1, Townsend vs. Townsend.
The administrator has given his bond, been qualified, and was in the course of his duty. The law in being when he commenced should be his guide throughout.
Judgment affirmed.